FILED
SUPERIOR COURT
OF GUAM

2024 JUN -7 PM 4: 04

CLERK OF COURT

BY: ᕊᑦᕊ

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CARLINE BELLO BUKIKOSA and BELLA BELLO MARTINEZ,<br><br>vs.<br><br>BENNY BENAVENTE BELLO,<br>JOSEPHINE BELLO-DUENAS,<br>GEORGE BENAVENTE BELLO,<br>BELLO ENTERPRISES,<br>BELLO FAMILY L.L.C.,<br>BELLO HOSPITALITY GROUP,<br>and DOES IV through XV,<br><br>Defendant. | Case No. CV0408-17<br><br>**DECISION AND ORDER**<br>**(Motion to Dismiss for Failure to Prosecute)** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on Defendant's Motion to Dismiss for Failure to Prosecute, filed February 20, 2024. Attorney Carlos L. Taitano represents Plaintiffs Carline Bello Bukikosa and Bella Bello Martinez ("Plaintiffs"). Attorney Phillip Torres represents Defendants Benny Benavente Bello, George Benavente Bello, and Bello Hospitality Group ("Defendants"). Based on the relevant law and authorities the Court now issues the following decision and order **REJECTING** Defendant's Motion to Dismiss for Failure to Prosecute.

## BACKGROUND

1. On April 26, 2017, Plaintiffs filed their Complaint to Compel Distribution of Trust Properties. Compl. To Compel Dist. of Trust and Properties (April 26, 2017).

2. On September 7, 2018, Plaintiffs filed a Second Motion for Order to Compel Discovery and Pay Reasonable Expenses re Defendant Benny Benavente Bello. Second Mot. To Compel Disc. and Pay Reasonable Expenses re Def. Benny Benavente Bello (September 7, 2018).

3. Plaintiffs also filed a Second Motion for Order to Compel Discovery and Pay Reasonable Expenses re Defendant George Benavente Bello. Second Mot. To Compel Disc. and Pay Reasonable Expenses re Def. George Benavente Bello (September 7, 2018).

4. On October 3, 2018, Defendants, Bello Enterprises and Bello Family L.L.C., filed a Stipulation for Mediation. Stip. for Mediation (October 3, 2018).

5. On November 7, 2018, the Court filed the Order for Mediation. Order for Mediation (November 7, 2018).

6. On April 2, 2019, the Statement by Mediator was filed stating that the parties "failed to reach an agreement." Statement by Mediator ¶ 2 (April 2, 2019).

7. On April 3, 2019, Defendant Benny Bello filed his Motion to Dismiss under GRCP 9(b) and 12(b)(6). Mot. to Dismiss (April 3, 2019).

8. On May 1, 2019, Plaintiffs filed their Opposition to Defendant Benny Bello's Motion to Dismiss under GRCP 9(b) and 12(b)(6). Pls. Opp'n to Def. Mot. to Dismiss (May 1, 2019).

9. On September 20, 2019, the Decision and Order was issued denying Defendant Benny Bello's Motion to Dismiss under GRCP 9(b) and 12(b)(6). Decision and Order (September 20, 2019).

10. On October 24, 2019, Plaintiffs filed their Reply to Counterclaims of Defendants Benny Bello, Josephine Bello-Duenas, and George Benavente Bello. Pls. Reply to Countercl. Of Def. Benny Benavente Bello (October 24, 2019); Pls. Reply to Countercl. Of Def. Josephine Bello-Duenas (October 24, 2019); Pls. Reply to Countercl. Of Def. George Benavente Bello (October 24, 2019).

11. On November 14, 2019, Plaintiffs filed Objections or Opposition to Defendants' Petition of Trustees for Authorization of Power to Sell a Real Property Trust Asset. Pls. Opp'n to Defs. Pet. of Trustees for Authorization to Sell a Real Property Trust Asset (November 14, 2019).

12. On December 4, 2019, Plaintiffs submitted their Proposed Third Amended CVR 16.1 Form 2, Proposed Scheduling Order, and Proposed Third Amended CVR 16.1 Form 3, Discovery Plan and Proposed Order.

13. On January 7, 2020, Defendant Benny Bello filed his Opposition to the Second Motion to Compel Discovery and Sanctions. Defs. Opp'n to the Second Mot. to Compel Discovery and Sanctions (January 7, 2020).

14. On January 21, 2020, Plaintiffs filed their Reply to Defendant Benny Bello's Opposition to Second Motion to Compel Discovery and Sanctions. Pls. Reply to Def. Benny Bello's Opp'n to Second Mot. to Compel Discovery and Sanctions (January 21, 2020).

15. On March 5, 2020, Plaintiffs and Defendants submitted their agreement to a Third Amended CVR 16.1 Form 2 Scheduling Order and Third Amended CVR 16.1 Form 3 Discovery Plan and Order. The Discovery Plan and Order stipulated that no further written and deposition discovery requests are permitted beyond April 30, 2020. Third Amended CVR 16.1 Form 3 ¶ 4 (March 5, 2020).

16. On March 13, 2020, activities in the Superior Court of Guam were restricted by the COVID-19 global pandemic.

17. On March 14, 2020, the Governor of Guam declared the State of Emergency in Guam which began the temporary closure of the Government of Guam. However, the Court was still operating

18. On October 5, 2020, the Court held a virtual status hearing where Plaintiffs suggested that another status hearing be scheduled to discuss completing discovery after the Court makes its decisions on their pending motions to compel discovery. Pls. Mem. of P. & A. in Support of Opp'n to Defs. Mot. to Dismiss for Failure to Prosecute ¶ 6-7 (March 19, 2024). Plaintiffs' motions to compel discovery were still pending at this time because the hearing on those motions, scheduled for November 5, 2018, was taken off the Court's calendar, and not rescheduled, when the Stipulation for Mediation was filed on October 3, 2018. *Id.* at ¶ 6.

19. On October 12, 2020, at the continued status hearing, Plaintiffs again requested a status hearing to be scheduled to discuss completing discovery after the Court makes its decision on their motions to compel discovery. *Id.* at ¶ 6.

20. On November 9, 2020, the Plaintiffs again requested a status hearing at the motion hearing, however, the Court stated that it will not set a status hearing until after its decision and order on the motions to compel discovery. *Id.* at ¶ 7.

21. On January 14, 2021, the Court filed its Decision and Order denying the Motion to Compel. Decision and Order Denying Pls. Mot. for Order to Compel Discovery and Pay Reasonable Expenses re Defendant (January 14, 2021).

22. No status hearing was scheduled.

23. On May 24, 2023, Typhoon Marwar hit Guam.

24. On May 31, 2023, the Court filed the Notice of Judge Assignment. Notice of Judge Assignment (May 31, 2023).

25. On June 29, 2023, the Court ordered the parties to file a Status Report within fifteen days. Order for Status Report (June 29, 2023).

26. On July 12, 2023, the Plaintiffs filed their Status Report which stated that since the Decision and Order Denying Plaintiff's Motion for Order to Compel Discovery filed on January 14, 2021, there has been no other activity as the result of disruptions caused by the outbreak of the COVID-19 pandemic. Pls. Status Report ¶ 1 (July 12, 2023).

27. On July 14, 2023, the Defendants filed their Status Report. Defs. Benny Benavente Bello, Josephine Bello-Duenas, and George Benavente Bello's Status Report (July 14, 2023).

28. On February 20, 2024, the Court held a Status Hearing. The Court also filed the Order Setting Case Schedule which scheduled jury selection and trial on July 24, 2024. Order Setting Case Schedule (February 20, 2024).

29. On February 23, 2024, the Defendants, Benny Bello, George Bello, and Bello Hospitality Group, filed their Motion to Dismiss for Failure to Prosecute. Defs. Mot. to Dismiss for Failure to Prosecute (February 23, 2024).

30. On March 19, 2024, Plaintiffs filed their Memorandum of Points and Authorities in Support of Opposition to Defendants' Motion to Dismiss for Failure to Prosecute. Pls. Mem. of P. & A. in Support of Opp'n to Defs. Mot. to Dismiss for Failure to Prosecute (March 19, 2024).

31. On April 2, 2024, Defendants filed their Reply to Plaintiffs' opposition. Defs. Reply to Pls. Opp'n to Mot. to Dismiss for Failure to Prosecute (April 2, 2024).

## DISCUSSION

Rule 41(b) of the Guam Rules of Civil Procedure ("GRCP") authorizes the Court to dismiss an action for the Plaintiff's failure to prosecute to prevent undue delay or congestion of the courts. "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." GRCP 41(b).

The Guam Supreme Court has adopted a list of five factors that the Court must take into account in considering whether to dismiss an action: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Park v. Kawashima*, 2010 Guam 10 ¶ 10. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Id.*

The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay. *Id.* at. ¶ 11. If a reasonable excuse exists for the plaintiff's delay, the defendant would then have the burden to demonstrate prejudice. *Id.* The Supreme Court "give[s] deference to the trial court in determining the reasonableness of the delay 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *Id.*

**A. Public's interest in expeditious resolution of litigation and the court's need to manage its docket**

The first two factors may be considered together. *Park,* 2010 Guam 10 ¶ 13 (citing *Santos,* 1997 Guam 4 ¶ 7). Plaintiffs argue that they requested, at least four times, that the Court set a status hearing after the Court decided their pending motions to compel discovery. Pls. Mem. of P. & A. in Support of Opp'n to Defs. Mot. to Dismiss for Failure to Prosecute ¶ 11 (March 19, 2024). The Court filed its Decision and Order Denying the Plaintiff's Motion for Order to Compel Discovery on January 14, 2021. There was inactivity for approximately 30 months until the Court ordered the parties to file a Status Report on June 29, 2023. The "onus falls on the plaintiff to move the case along." Guam Econ. Dev. Auth., 2013 Guam 12 '1118 (citations omitted). However, the Court did state that it will set a Status Hearing after its decision and order on the motions to compel discovery, which was issued on January 14, 2021. A status hearing did not occur until February 20, 2024.

Plaintiffs argue that the judicial delays in this action were mainly caused by the COVID-19 global pandemic. The Superior Court's activities were disrupted and restricted on March 13, 2020, however, the Court was still operating and three virtual hearings occurred between October

2020 to November 2020 (October 5, 2020 – status hearing via Zoom; October 12, 2020 – continued status hearing via Zoom; November 9, 2020 – motion hearing via Zoom). The Court was also utilizing its e-filing system which allowed parties to file documents without having to physically file at the Court. The Plaintiffs did not provide specific instances in which the pandemic restrictions hindered their ability to prosecute their case, "[a]lthough the delay was reasonably in control of Plaintiff, in light of the exigent circumstances and difficulties with working through the COVID-19 pandemic . . . the Court finds that Plaintiff has sufficiently explained the reason for delay." Won So Chol v. Costco Wholesale Corp., 2020 WL 5835146 *3 (D.N.J Oct. 1, 2020).

There is also evidence that the parties are ready for trial. The Plaintiffs claim that they are open to trial without jury or a 6-member jury. Pls. Mem. of P. & A. in Support of Opp'n to Defs. Mot. to Dismiss for Failure to Prosecute ¶ 18 (March 19, 2024). Additionally, discovery has been conducted. Defendants stated that they have served Plaintiffs a continuous series of productions of supplemental discovery disclosures and accounting documents between July 24, 2018 up to and through February 14, 2022. Defs. Mot. to Dismiss for Failure to Prosecute ¶ 2 (February 20, 2024). Further, the Court has issued a scheduling order on February 20, 2024 setting trial for July 24, 2024. Although it is the Plaintiffs' responsibility to ensure that they are moving their case along, the Plaintiffs' delay is reasonable. Thus, the first two factors weigh in favor of rejecting the Defendant's Motion.

## B. Risk of prejudice to defendant

Next, the court considers the third factor. It is the Plaintiff's burden to show that Defendant is not prejudiced by the delay. *See Park*, 2010 Guam 10 ¶ 11. If the delay is found to be unreasonable, prejudice against the defendant is presumed. Since a reasonable excuse exists for the plaintiff's delay, the burden shifts to the Defendants to demonstrate that they were prejudiced by the delay. The Defendants argue: (1) the Plaintiff's delay is unreasonable; (2) prejudice to the Defendant is presumed; and (3) if the court deems the delay reasonable, then the Defendants are prejudiced due to the withdrawal of lead counsel. Here, the delay was reasonable. The Defendants argue that with the extreme passage of time, witnesses, evidence and memories have been lost. The Defendants have offered no evidence of the loss of evidence or the loss of memory of a witness. Defendants also state that Mr. Benny Bello's attorney, Daniel Berman, withdrew due to the delays. However, Attorney Berman stated himself, in his Motion to Withdraw, that he withdrew due to the debts owed to him by Defendant Benny Bello, not the delays. Mot. and Mem. to Withdraw as Counsel ¶ 2 (February 2, 2024). Moreover, it was confirmed by both parties that multiple attorneys are involved in the defense. Defs. Mot. to Dismiss for Failure to Prosecute ¶ 4 (February 20, 2024). In particular, Attorney Phillip Torres has been the attorney for Mr. Benny Bello since the inception of this action. Pls. Mem. of P. & A. in Support of Opp'n. to Defs. Mot. to Dismiss for Failure to Prosecute ¶ 15 (March 19, 2024). Defendants do not deny this fact, but argue that it would be costly to get someone else up to speed, however, Attorney Torres and multiple other attorneys have been on this case, and Defendants have not provided evidence of their inability to move forward with this case.

Therefore, the Court finds that the third element weighs in favor of rejecting the Defendant's Motion.

## C. Public policy favoring disposition of the merits

The fourth factor "necessitates considering the public policy favoring disposition of a case on its merits which ordinarily weighs against dismissal." *Kawashimi*, 2010 Guam 10 ¶ 22. Thus, "[a]lthough public policy always favors a resolution of cases on their merits, and this factor generally weighs in favor of the plaintiff, 'it must be weighed against the first two factors, the expeditious resolution of litigation and the court's need to manage its docket." *Id.* (*citing In re Estate of Concepcion v. Siguenza*, 2003 Guam 12 ¶ 23).

As stated above, the delay was reasonable, and the Defendant has made no showing of actual prejudice, the public policy favoring disposition of case on the merits must control. *See Santos* 1997 Guam 4 ¶ 9. Thus, the fourth factor weighs in favor of rejecting the Defendant's Motion.

## D. Availability of less drastic sanctions

The fifth factor is the availability of less drastic sanctions. To expedite matters, the Plaintiffs offered an alternative sanction of accepting a trial without a jury or to a jury of six members instead. Plaintiffs also suggested completing any remaining amendment of pleadings, discovery, discovery motions, and dispositive motions within a period of three months. Given such reasonable alternatives, dismissal would be "considered a 'draconian' sanction," and thus the fifth factor weighs against dismissal. The Court will therefore set this case for trial to ensure

disposition of the case on the merits, and to halt any further delays. *Affordable Home 2 Builders, Inc.*, 2013 Guam 12 ¶ 15.

## CONCLUSION AND ORDER

For the above reasons, the Court **REJECTS** Defendant's Motion to Dismiss for Failure to Prosecute. A Scheduling Hearing shall be held on _06|18|2024_ at _9:00 am. (via zoom)._

SO ORDERED, this __7__ day of _June_ 2024.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam